IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE:<br><br>**MOUNTAIN EXPRESS OIL COMPANY,**<br><br>Debtor. | **Case No. 23-90147 (DRJ)**<br>**(Chapter 11)** |
| **MOUNTAIN EXPRESS OIL COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**IMPERIAL CAPITAL LLC, IMPERIAL RELIANCE, LLC, MOHAMMAD SAJJAD, AND ABRAR ABID,**<br><br>Defendants. | **Adversary No. 23-03096** |

## ANSWER OF DEFENDANTS TO DEBTOR'S ADVERSARY COMPLAINT

COMES NOW, Defendants Imperial Capital LLC, Imperial Reliance LLC, Mohammad Sajjad and Abrar Abid (collectively "Defendants"), and submits the following Answer to Debtor Mountain Express Oil Company's ("Debtor") Adversary Complaint ("Complaint") [Dkt. No. 1]. Each and every allegation in the Complaint is denied unless specifically admitted herein. Utilizing the same numbering system used in the Petition, Defendants answer as follows:

1. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 1 of the Complaint are inconsistent with those terms, same are denied.

2. The allegations contained in paragraph 2 of the Complaint are denied.

3. The allegations contained in paragraph 3 of the Complaint are denied.

4. The allegations contained in paragraph 4 of the Complaint are denied. Any reference to negotiations between the parties should be stricken and disregarded as inadmissible settlement negotiations.

5.  The allegations contained in paragraph 5 of the Complaint are denied.

6.  The allegations contained in paragraph 6 of the Complaint are denied.

7.  Bankruptcy Code Sections 327 and 330, Rules 2014(a) and 2016 and local rules 2014-1 and 2016-1 have no application to the instant proceeding. The remaining allegations contained in paragraph 3 of the Complaint are denied.

8.  No response is required to the allegations contained in paragraph 8 is required. However, Defendants do not consent to entry of final orders or judgment by the Bankruptcy Court in this Proceeding.

9.  It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 9 of the Complaint are inconsistent with those terms, same are denied.

10.  It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 10 of the Complaint are inconsistent with those terms, same are denied.

11.  The allegations contained in paragraph 11 of the Complaint are admitted.

12.  The allegations contained in paragraph 12 of the Complaint are admitted.

13.  Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 13 of the Complaint, and thus, same are denied.

14.  Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 14 of the Complaint, and thus, same are denied.

15.  It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 15 of the Complaint are inconsistent with those terms, same are denied.

16.  It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 16 of the Complaint are inconsistent with those terms, same are denied.

17.  It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 17 of the Complaint are inconsistent with those terms, same are denied.

18.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 18 of the Complaint are inconsistent with those terms, same are denied.

19.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 19 of the Complaint are inconsistent with those terms, same are denied.

20.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 20 of the Complaint are inconsistent with those terms, same are denied.

21.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 21 of the Complaint are inconsistent with those terms, same are denied.

22.     It is admitted that the FSA's contain Georgia choice of law and forum selection clauses. It is further admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 22 of the Complaint are inconsistent with those terms, same are denied.

23.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 23 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 23 of the Complaint are inconsistent with those terms, same are denied.

24.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 24 of the Complaint are inconsistent with those terms, same are denied.

25.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 25 of the Complaint are inconsistent with those terms, same are denied.

26.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 26 of the Complaint are inconsistent with those terms, same are denied.

27.     It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will

speak for themselves and to the extent any allegations contained in Paragraph 27 of the Complaint are inconsistent with those terms, same are denied.

28. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 28 of the Complaint are inconsistent with those terms, same are denied.

29. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 29 of the Complaint are inconsistent with those terms, same are denied.

30. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 30 of the Complaint are inconsistent with those terms, same are denied.

31. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 31 of the Complaint are inconsistent with those terms, same are denied.

32. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 32 of the Complaint are inconsistent with those terms, same are denied.

33. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 33 of the Complaint are inconsistent with those terms, same are denied.

34. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 34 of the Complaint are inconsistent with those terms, same are denied.

35. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 35 of the Complaint are inconsistent with those terms, same are denied.

36. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 36 of the Complaint are inconsistent with those terms, same are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. It is admitted that Debtors sent a notice to Defendants. The language of that notice will speak for itself and to the extent any allegations contained in Paragraph 39 of the Complaint are inconsistent with such language, same are denied.

40. The allegations contained in the first clause paragraph 40 of the Complaint are denied. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 40 of the Complaint, and thus, same are denied.

41. Defendants are without sufficient information or knowledge to admit or deny the allegations contained in the first and last sentences of paragraph 41 of the Complaint, and thus, same are denied. The remaining allegations contained in paragraph 41 of the Complaint are denied.

42. It is admitted that Debtors sent a notice to Defendants. The language of that notice will speak for itself and to the extent any allegations contained in Paragraph 42 of the Complaint are inconsistent with such language, same are denied.

43. It is admitted that Debtors sent a notice to Defendants. The language of that notice will speak for itself and to the extent any allegations contained in Paragraph 43 of the Complaint are inconsistent with such language, same are denied.

44. It is admitted that Defendants' counsel sent a letter to Debtors. The language of that letter will speak for itself and to the extent any allegations contained in Paragraph 44 of the Complaint are inconsistent with such language, same are denied.

45. The allegations contained in paragraph 45 of the Complaint are denied. Any reference to negotiations between the parties should be stricken and disregarded as inadmissible settlement negotiations.

46. No response is necessary to paragraph 46 of the Complaint.

47. No response is necessary to paragraph 47 of the Complaint.

48. The allegations contained in paragraph 37 of the Complaint are denied.

49. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will speak for themselves and to the extent any allegations contained in Paragraph 49 of the Complaint are inconsistent with those terms, same are denied.

50. It is admitted that the Debtors and Defendants are parties to subleases and fuel contracts related to 22 gas stations and travel centers. The terms of those agreements will

speak for themselves and to the extent any allegations contained in Paragraph 50 of the Complaint are inconsistent with those terms, same are denied.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint are denied.

53. The allegations contained in paragraph 53 of the Complaint are denied.

54. The allegations contained in paragraph 54 of the Complaint are denied.

55. No response is necessary to paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. The allegations contained in paragraph 57 of the Complaint are denied.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied.

60. No response is necessary to paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint are denied.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. The allegations contained in paragraph 64 of the Complaint are denied.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. No response is necessary to paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint are denied.

68. The allegations contained in paragraph 68 of the Complaint are denied.

69. The allegations contained in paragraph 69 of the Complaint are denied.

70. The allegations contained in paragraph 70 of the Complaint are denied.

71. The allegations contained in paragraph 71 of the Complaint are denied.

72. The allegations contained in paragraph 72 of the Complaint are denied.

73. The allegations contained in paragraph 73 of the Complaint are denied.

74. The allegations contained in paragraph 74 of the Complaint are denied.

75. No response is necessary to paragraph 75 of the Complaint.

76. The allegations contained in paragraph 76 of the Complaint are denied.

77. The allegations contained in paragraph 77 of the Complaint are denied.

78. No response is necessary to paragraph 78 of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint are denied.

80. The allegations contained in paragraph 80 of the Complaint are denied.

81. No response is necessary to paragraph 81 of the Complaint.

82. The allegations contained in paragraph 82 of the Complaint are denied.

83. The allegations contained in paragraph 83 of the Complaint are denied.

84. No response is necessary to paragraph 84 of the Complaint.

85. The allegations contained in paragraph 85 of the Complaint are denied.

86. The allegations contained in paragraph 86 of the Complaint are denied.

87. No response is necessary to paragraph 87 of the Complaint.

88. The allegations contained in paragraph 88 of the Complaint are denied.

89. The allegations contained in paragraph 89 of the Complaint are denied.

## **AFFIRMATIVE DEFENSES**

1. This Court should abstain from hearing this matter.

2. Lack of Subject-Matter Jurisdiction.

3. Improper Venue.

4. Illegality.

5. Excuse of Performance.

6. Unclean Hands.

7. Waiver.

8. Estoppel.

### SPECIAL NOTE REGARDING COUNTERCLAIMS AND NONCONSENT TO THIS COURT'S JURISDICTION

### DEFENDANTS DO NOT CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT BY THE BANKRUPTCY COURT IN THIS PROCEEDING.

Defendants have significant counterclaims to assert in this matter. However, pursuant to In re *Endeavour Highrise L.P.*, 425 B.R. 402, 409 (Bankr. S.D. Tex. 2010), Defendants both affirmatively demand their right to a jury trial and—until their Motion to Abstain [Dkt. 13] is heard—file only the instant Answer. If Defendants' Motion to Abstain is denied, Defendants will seek leave to amend the instant Answer to add Defendants' counterclaims. If the Court does abstain, such counterclaims will be filed in the appropriate state court(s). *See also* Motion to Abstain, II(C)(6), p. 18.

WHEREFORE, Defendants Imperial Capital LLC, Imperial Reliance LLC, Mohammad Sajjad and Abrar Abid respectfully request that Debtor and Plaintiff Mountain Express Oil Company take nothing by its claim, and that the Court award Defendants any additional relief the Court deems just and appropriate.

Dated:      July 6, 2023                    Respectfully submitted,

*/s/ Tami J. Hines*
Larry G. Ball, OBA No. 12205, *admitted Pro Hac Vice*
Tami J. Hines, TX Bar No. 24133319
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
lball@hallestill.com
thines@hallestill.com
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July 2023, I electronically transmitted the above and foregoing document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants associated with this case.

*s/ Tami J. Hines*

2845868.1:011932.00001